El Pueblo de Puerto Rico, demandante y apelado, *v.* Getulio Echeandía, acusado y apelante.

No. 2444.—*Visto:* Mayo 28, 1925. *Resuelto:* Julio 20, 1925.

·Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones Sobre Alegaciones Resueltas por la Corte Inferior.—Las cuestiones sobre alegaciones levantadas después de leída la denuncia se entienden renunciadas, y a falta de cita de autoridades y de toda discusión respecto a la cuestión de dicha renuncia, los méritos intrínsecos de dichas cuestiones no serán investigadas en apelación.

Sentencia de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito de calumnia e injuria (slander). *Confirmada.*

*José L. R. Cancio,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El apelante fué dos veces declarado culpable por un delito de calumnia e injuria, primero en la corte municipal y luego después de celebrado un juicio *de novo* en la corte de distrito, a virtud de denuncia que le imputa el cargo de haber dicho en público que ''El doctor González, siendo médico de beneficencia municipal de este pueblo, se empleó hora y media operando una pierna de un niño; que el doctor Cancio no se hubiera empleado más de cinco minutos, y que el doctor González había matado ese niño, empleando cuchillas y pinzas viejas y mohosas, y que ese crimen se había cometido en el hospital de San Sebastián durante la administración unionista.''

Al ser llamado el caso para juicio en la corte de distrito y después que la denuncia había sido leída, el acusado pre-

sentó una moción para que la corte ordenara la eliminación de las siguientes palabras: "que el doctor Cancio no se hubiera empleado más de cinco minutos" y "que este crimen se cometió durante la administración unionista."

La corte ordenó la eliminación de las palabras "durante la administración unionista" y se negó a eliminar la frase "que el doctor Cancio no se hubiera empleado más de cinco minutos."

La corte pasa entonces a decir:

"Resuelto y terminado el anterior incidente, el acusado formuló otra moción contra la suficiencia de la denuncia para entrar en juicio, alegando que la denuncia adolece de duplicidad; que el delito de *slander* tiene dos modalidades, debiendo seguir la denuncia una sola modalidad; que los hechos de la denuncia refiriéndose de consuno a ambas modalidades coloca al acusado en completo estado de indefensión para la orientación de su teoría de defensa."

De la orden como fué dictada por la corte inferior y del razonamiento del alegato del apelante, más que de ninguna otra cosa contenida en la cita hecha en último término, deducimos que el objeto de esta moción fué atacar la última parte de la denuncia, la cual es como sigue:

". . . . que tales palabras fueron dichas por Getulio Echeandía Font, públicamente y con la intención maliciosa de inferir deshonra, descrédito o menosprecio a este denunciante, que es un profesional que había gozado hasta entonces de buena reputación en esta comunidad."

A falta de cita de autoridades que merezcan mencionarse y de toda discusión respecto a la cuestión de renuncia (véase en relación con este punto el caso No. 2314 de *El Pueblo* v. *De Jesús,* resuelto el día 10 del corriente), no estamos dispuestos ahora a ocuparnos en hacer una investigación de los méritos intrínsecos, de existir algunos, de las cuestiones sobre alegaciones, más o menos técnicas y dudosas, que de tal modo se han tratado de levantar.

Las demás cuestiones sugeridas por el apelante se diri-

gen a la suficiencia de la prueba, o al peso de la misma y alegada pasión y prejuicio en este sentido, y será bastante con decir que después de un examen cuidadoso de los autos en conjunto, no encontramos razón suficiente para la revocación de la sentencia.

*Debe confirmarse la sentencia apelada.*